CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/ Seagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY LEE SHARRER, | ) |
| Plaintiff, | ) |
| | ) Case No. 7:18-cv-356 |
| v. | ) |
| UNITED STATES OF AMERICA, and UNITED STATES POSTAL SERVICE, and WALTER SOVA, | ) |
| | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant the United States of America's (United States) motion to dismiss all claims against it and defendant United States Postal Service ("USPS") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 20, and defendant Walter Sova's ("Sova") motion to dismiss all claims against him under 12(b)(1), ECF No. 38. The United States filed its motion on October 29, 2018. Id. Plaintiff Mary Lee Sharrer ("Sharrer") responded on November 5, 2018. ECF No. 23. The United States replied on November 13, 2018. ECF No. 28. For the reasons explained below, the court **GRANTS** the United States' motion, ECF No. 20, and **DISMISSES** the complaint as it regards the United States and USPS, with leave to amend.

Sova filed his motion to dismiss all claims under 12(b)(1) on November 30, 2018 for the reasons set forth in the United States' motion. ECF No. 38. Sharrer responded on

December 3, 2018. ECF No. 40. For the reasons stated below, the court **DENIES** Sova's motion, ECF No. 38.

### I.[1]

Sharrer works for KGS, Inc., a contract mail delivery service that delivers for the USPS. ECF No. 1, at 3. Sharrer picks up mail at the USPS main post office in Roanoke and delivers it to various locations in Virginia. Id. Walter Sova ("Sova"), the only individual named as a defendant, is a USPS employee who worked at the Roanoke Main Branch where Sharrer picks up the mail. Id. Sharrer alleges that Sova sexually harassed, assaulted, and battered her during work hours. Id. Sharrer's complaint includes a number of specific incidents of physical and verbal harassment and sexual assaults and batteries. Id.

Sharrer alleges that she repeatedly told Sova to stop and consistently reported his behavior to other USPS employees, starting in September 2016. ECF No. 1, at 5. She claims USPS refused to prevent Sova from interacting with her and that USPS managerial employees were aware of prior complaints of sexual harassment against Sova.[2] Id. Sova was finally arrested after Sharrer initiated state criminal proceedings. Id.

Sharrer now seeks to hold the United States and USPS liable for the assaults and batteries committed by Sova on the basis of respondeat superior liability and a theory negligent retention. ECF No. 1, at 5–6. Sharrer filed her complaint on July 23, 2018, alleging two counts. Id. Count I alleges assault and battery not only against Sova, but against the United States and USPS, through Sova as their agent and employee. Id. at 5. This claim is

---

[1] All facts are taken from Sharrer's Complaint and are presumed to be true. Republican Party of North Carolina v. Martin, 980 F.2d v. 943, 952 (4th Cir. 1992).
[2] Sharrer alleges that she was told by the USPS manager Bob Harstell that Sova was originally moved to Roanoke because he had sexually harassed other women in Lynchburg. ECF No. 1, at 5.

2

brought under the theory of respondeat superior "or otherwise under Virginia law." Id. at 5–6. Count II alleges negligent retention against the United States and USPS pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 –2680. ("FTCA"). Id. at 6. In Count II, Sharrer claims that the United States and USPS knew or should have known through the use of ordinary care of Sova's propensities and negligently placed him in a position where he could have access to potential victims. Id.

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Absent subject matter jurisdiction, a court must dismiss the action. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 653 (4th Cir. 1999). Whether a plaintiff has standing to bring a cause of action "is generally associated with Civil Procedure Rule 12(b)(1) pertaining to subject matter jurisdiction." CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011). "That is because 'Article III gives federal courts jurisdiction only over cases and controversies,' and standing is 'an integral component of the case or controversy requirement.'" Id. (quoting Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006)). When a defendant raises substantive challenges to a court's jurisdiction under Rule 12(b)(1), the court need not accept the complaint's allegations as true and may consider facts outside the complaint to determine if it can properly exercise subject matter jurisdiction. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). At all times, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans, 166 F.3d at 647.

3

Meanwhile, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A plaintiff establishes "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) (holding the court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments") (internal quotation marks omitted).

### III.

Sharrer brings suit against Sova, the United States, and USPS, a federal agency. The United States is protected from suit by the doctrine of sovereign immunity, which "deprives a court of jurisdiction to hear a case" against its own sovereign. Global Mail Ltd. V. U.S. Postal Service, 142 F.3d 208, 210 (4th Cir. 1998). As a governmental entity, USPS is also "entitled to sovereign immunity unless Congress waives that immunity and authorizes consent to suit." Id. The FTCA provides for one such waiver, wherein "the district courts...

4

shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Durden v. United States, 736 F.3d 296, 301 (4th Cir. 2013); Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005) (citing 28 U.S.C. § 1346(b)(1)).

Section 2680(h) of the FTCA, or "the intentional torts exception," specifically exempts certain enumerated intentional torts from this waiver of sovereign immunity. Levin v. U.S., 568 U.S. 503, 505 (2013). Section 2680(h) reads:

> The provisions of the act shall not apply to—
> ...
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

28 USCA § 2680(h). The Supreme Court ruled in Sheridan v. United States, 487 U.S. 392 (1988), that this language does not have quite as broad a reach as it may first appear. While § 2680(h) does bar liability for injuries arising purely out of intentional torts, the Court ruled that this section must be read against the rest of the act, and thus the exception would be construed to apply only to claims that would otherwise be authorized by the basic waiver of sovereign immunity. Id. at 400. If, however, there is another basis for liability—an act of negligence of another federal employee, for instance, that independent of the intentional tort or the government employment status of the intentional tortfeasor would expose the second,

5

negligent employee to liability under the law of the forum state—then the intentional tort exception does not exonerate the government. See id. at 402 (holding that, when a drunk federal off-duty employee fired upon civilians, the government could potentially be held liable for the alleged negligence of three on-duty employees in failing to take appropriate action to secure the tortfeasor).

Sharrer's complaint brings two counts: "Count One: Claim for Assault and Battery" and "Count Two: Claim for Negligent Retention." ECF No. 1. Count One is brought against Sova, the United States and USPS, while Count Two is brought only against the United States and USPS. Id. The court will address each in turn.

### A.

As a preliminary matter, the United States' motion does not ask for dismissal of allegations brought against Sova. See ECF No. 21. Sova, however, has moved to dismiss Sharrer's claims as barred by sovereign immunity. ECF No. 38. Only one claim is brought against Sova, alleging two intentional torts and brought pursuant to Virginia law. ECF No. 1. Federal courts interpreting Virginia law, however, decline to apply sovereign immunity to intentional torts. See, e.g., Hales v. City of Newport News, No. 4:11cv28, 2011 WL 4621182, at *5–8 (E.D. Va. Sept. 30, 2011) (considering sovereign immunity for negligence claim, but not for intentional torts); William Cty. Police Dept., 640 F. Supp. 2d 688, 712 (E.D. Va. 2009) ("Sovereign immunity, however, does not extend to state employees who commit intentional torts. Thus, the state law claims for the intentional tort of assault and battery ... cannot be dismissed on sovereign immunity grounds." (internal citations omitted)); Cominelli v. The Rector & Visitors of the Univ. of Va., 589 F. Supp. 2d 706, 716

6

(W.D. Va. 2008) ("[S]tate employees are not immune for wanton or grossly negligent behavior, intentional torts, or actions taken outside the scope of their employment."). Sova cannot escape Sharrer's claims based upon sovereign immunity, and Sharrer has pled sufficient facts to state a claim for relief against Sova under 12(b)(6). See ECF No. 1. Sova's motion is thus **DENIED**.

According to Sharrer's own pleadings, Count One is brought pursuant to Virginia law, and not pursuant to the FTCA. ECF No. 23, at 4. The FTCA, however, is the instrument that provides a waiver of the sovereign immunity protecting the United States from all suits against it. 28 U.S.C. § 1346(b)(1). If Count One is not brought pursuant to the FTCA, then it cannot be brought against the United States. See id. Count One, as it relates to the United States, therefore fails.

For much the same reasons, Count One as it applies to USPS is also dismissed. While Congress has enacted laws that permit USPS to sue and be sued in its own name under certain circumstances, those circumstances do not include tort actions. 39 U.S.C.A. § 409; Bauldwin v. U.S. Post Office, No. 807CV37, 2007 WL 2011239, at *1 (D. Neb. July 6, 2007). Tort actions must be brought pursuant to the FTCA. 39 U.S.C.A. § 409.

Count One as it applies to the United States and USPS is **DISMISSED**.

### B.

Count Two alleges that the United States and USPS "knew of or should have known through the use of ordinary care of Sova's reasonably discoverable propensities to sexually assault and batter women and history of doing so, and negligently placed plaintiff in a position where Sova would have access to potential victims including plaintiff or where the

7

threatened harm would come to pass." ECF No. 1, at 6. As stated above, Sharrer cannot bring a tort claim against the United States or USPS outside of the FTCA, but nor can she bring claims for assault and battery pursuant to the FTCA. Section 2680(h) lists both assault and battery as intentional torts for which the United States retains its sovereign immunity. 28 U.S.C.A. § 2680. The FTCA extends no waiver to suits arising from such torts. Id.

While the issue of whether the enumerated intentional torts can form the basis of a negligent retention claim was not addressed by the Supreme Court in Sheridan, district and appellate courts of the Fourth Circuit have held that such claims are barred. Wise v. U.S., 8 F. Supp. 2d 535, 545 (E.D. Va. 1998). See also Perkins v. United States, 55 F.3d 910, 916 (4th Cir. 1995) (addressing whether plaintiff's claims of negligent supervision and retention were barred by § 2680(c) of the FTCA and deciding that they were barred, based in part on analysis of the assault and battery exception of § 2680(h)) ("An allegation of 'negligent supervision' will not render an otherwise unactionable claim actionable so long as the negligent supervision claim depends on activity of the supervised agent which is itself immune....If the United States is immune from suit for [the underlying] activities, it is also immune from suit for [ ] negligent supervision because, without [the] underlying activities and violations, there would be no cause of action for negligent supervision at all."). Sharrer cannot state a claim for relief for negligent retention arising from assault and battery.

Sharrer argues that the intentional tort exception does not apply to these allegations because § 2680(h) does not list harassment, sexual or otherwise, among the crimes for which the United States does not waive sovereign immunity. This is true; sexual harassment is not a specifically enumerated tort. See 28 U.S.C.A. § 2680(h). Sharrer did not explicitly plead

8

sexual harassment as the basis of her negligent retention claim—in fact, she specifically pleads assault and battery in both Count One and Count Two of the Complaint. ECF No. 1, at 5 & 6. Since Count II does state that Sharrer "incorporates by reference herein the preceding paragraphs," and a preceding paragraph does state that Sharrer was "sexually harassed and groped" by Sova, the court will address the claim as if it is based on sexual harassment. Id.

Virginia law does recognize that sexual harassment may form the basis of a negligent retention action. Glover v. Oppleman, 178 F. Supp. 2d 622, 643 (W.D. Va. 2001). The United States responds that its only duty to prevent Sova's bad acts derives from his employment status; under Sheridan and Boles v. United States, 3 F. Supp. 3d 491, 501 (M.D.N.C. 2014), federal employers have no duty to protect others from their employees when the alleged duty is based entirely on the tortfeasor's employment relationship with the United States. All cases cited by the United States in support of this argument, however, deal with sexual assault, not sexual harassment. The court need not reach the question of whether Sharrer can maintain an action of negligent retention against the United States and USPS on the basis of sexual harassment, however, because the court agrees with the United States' second argument: the discretionary function exception of the FTCA bars Count Two.

The discretionary function exception reserves immunity for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee" of the government. 28 U.S.C. § 2680(a); McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004). To determine if conduct falls under the discretionary function exception, courts apply a two-pronged test: (1) "a court

9

considers whether the challenged governmental conduct involves an element of judgment or choice," Rich v. United States, 811 F.3d 140, 144 (4th Cir. 2015) (citing United States v. Gaubert, 499 U.S. 315, 322 (1991)); and (2) if the challenged conduct does involve an element of judgment, the court must then determine whether the judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy." Rich, 811 F.3d at 144 (citing Gaubert, 499 U.S. at 322–23). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324. To make this determination, the court is to "look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." Williams, No. 1:18-CV-00021, 2018 WL 5077652, at *2.

USPS's decision to retain Sova meets both prongs of the above test. Numerous Fourth Circuit courts have held that decisions regarding the hiring, supervision, and retention of employees fall within the discretionary function test. See, e.g., Suter v. United States, 441 F.3d 306, 312 n.6 (4th Cir. 2006) (holding that the claim that the FBI negligently hired and supervised an agent was barred by the discretionary function exception); LeRose v. United States, 285 F. App'x 93, 97 (4th Cir. 2008) ("The [federal Bureau of Prison's (BOP) ] decisions regarding the hiring, supervision, and retention [of BOP employee/alleged tortfeasor] are precisely the type of decisions that are protected under the discretionary function exception."); Anderson v. United States, No. 8:12cv3203,

10

2015 WL 9918406 (D.S.C. Oct. 9, 2015) ("In the Fourth Circuit, decisions regarding the hiring, supervision, and retention of employees are protected under the discretionary function exception to the FTCA."). See also Baum v. United States, 986 F.2d 716, 720–21 (4th Cir. 1993) (employee retention "is [a decision] which we expect inherently to be grounded in considerations of policy."). As argued by the United States, USPS has the right "to hire, promote, transfer, assign, and retain, discharge, or take other disciplinary action" against its employees and the discretion "to determine the method, means and personnel by which [its operations] are to be conducted." 39 U.S.C. § 1001(e).

Sharrer argues that USPS's decision not to fire Sova violated an official policy. ECF No. 23, at 5. In support, she cites to a rescinded poster titled "Workplace Harassment: Know Your Rights! Take Responsibility." One section of the poster states, "If sexual harassment or inappropriate conduct is found, managers must take prompt and appropriate remedial action.... Employees will be subject to disciplinary action, up to and including removal, for engaging in sexually harassing behavior..." UNITED STATES POSTAL SERVICE, Revised Poster: Poster 159, Workplace Harassment: Know your Rights! Take Responsibility!, https://about.usps.com/postal-bulletin/2015/pb22416/html/updt_003.htm. The language of the poster states a general policy that sexual harassment is not permitted in the workplace, which clearly does not place USPS under a mandate to fire all employees accused of it. Id. Within the language of the poster, supervisors are given discretion as to how to punish those who are found to have engaged in harassment. Id. The poster also fails to specify what procedure should be followed to investigate allegations. Id.

11

In Shansky v. United States, 164 F.3d 688, 691 (1st Cir. 1999), a plaintiff brought suit pursuant to the FTCA after tripping over an antique wooden threshold and sustaining serious injuries at a national historic site. Plaintiff alleged that the National Park Service was required to install handrails and warning signs at the site based on "a broadly worded expression of a general policy goal contained in the Park Service's operating manual to the effect that '[t]he saving of human life will take precedence over all other management actions.'") (citation omitted). Id. The First Circuit disagreed and observed that the statement did not "specifically prescribe that any particular safety measure be employed at any particular place or in any particular facility." Id. Instead, the passage required the Park service "make discretionary judgments about how to apply concretely the aspirational goal embedded in the statement." Id. "Statements made at this level of generality do not satisfy Gaubert's ... specific prescription requirement. Were the law otherwise, the discretionary function exception would be a dead letter." Id.

While not binding on this court, the Shansky decision offers guidance here. The language of the poster offers only a general policy that employers not tolerate sexual harassment and take action against harassers. What that action may be and how to go about implementing this policy is entirely up to USPS managers. Governmental conduct does not involve judgment or choice when "a statute, regulation, or policy prescribes a specific course of action." Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988), but if an employee has a "range of discretion to exercise in deciding how to carry out" an assigned duty, Gaubert, 499 U.S. at 325, such acts are protected under the discretionary function exception and sovereign immunity is not waived. Despite the reprehensible nature of the

12

acts Sharrer alleges Sova committed, USPS, by statute and by circuit precedent, had discretion in the hiring and firing of Sova in the face of Sharrer's claims. The United States and USPS thus cannot be held liable for USPS's retention of Sova.

Count Two is thus **DISMISSED**.

## IV.

As the United States has not waived sovereign immunity on either its own behalf or USPS's for either Count I or Count II, the United States' motion **GRANTED**. Sharrer's complaint is **DISMISSED** with leave to amend.

Sova's motion is **DENIED**. Sovereign immunity grants no protection to government employees against allegations of intentional torts.

An appropriate Order will be entered.

Entered: 03-26-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge