CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 20 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY LEE SHARRER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 7:18-cv-356 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | By: Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant the United States of America's ("United States") motion to dismiss, ECF No. 60, plaintiff Mary Lee Sharrer's ("Sharrer") Amended Complaint, ECF No. 53. Sharrer responded to the United States' motion on May 6, 2019. ECF No. 65. The United States replied on May 13, 2019. ECF No. 66. For the reasons below, the court will **GRANT** the United States' motion and **DISMISS with prejudice** all counts brought against the United States.

As the court exercised supplemental jurisdiction over Sharrer's claims against defendant Walter Sova ("Sova") dependent on its jurisdiction over the claims against the United States, the court will also **DISMISS** Sharrer's claims against Sova. These claims must be brought in state court, should Coffey choose to do so.

## I.[1]

Sharrer works for KGS, Inc., a contract mail delivery service that delivers for the United States Postal Service ("USPS"). ECF No. 53, at 2–3. Sharrer picks up mail at the USPS main post office in Roanoke and delivers it to various locations in Virginia. Id. Sova, the only individual named by the Amended Complaint as a defendant, is a USPS employee who worked at the Roanoke Main Branch where Sharrer picks up the mail. Id. Sharrer alleges that Sova sexually harassed, assaulted, and battered her during work hours. Id. Sharrer's complaint includes a number of specific incidents of physical and verbal harassment and sexual assaults and batteries. Id.

Sharrer alleges that she repeatedly told Sova to stop and consistently reported his behavior to other USPS employees, starting in September 2016. ECF No. 53, at 4. She claims USPS refused to prevent Sova from interacting with her and that USPS managerial employees were aware of prior complaints of sexual harassment against Sova.[2] Id. Sova was finally arrested after Sharrer initiated state criminal proceedings. Id.

Sharrer now seeks to hold the United States and USPS liable for the assaults and batteries committed by Sova through the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. ("FTCA"), on the basis of respondeat superior liability and a theory of negligent retention. ECF No. 53, at 5–7. Sharrer filed her original Complaint on July 23, 2018. ECF No. 1. After the court granted the United States' first motion to dismiss, ECF No. 52, Sharrer filed her Amended Complaint on April 8, 2019, ECF No. 53. Count One alleges assault and battery

---

[1] All facts are taken from Sharrer's Complaint and are presumed to be true. Republican Party of North Carolina v. Martin, 980 F.2d v. 943, 952 (4th Cir. 1992).
[2] Sharrer alleges that she was told by the USPS manager Bob Harstell that Sova was originally moved to Roanoke because he had sexually harassed other women in Lynchburg. ECF No. 53, at 5.

2

not only against Sova, but against the United States and USPS, through Sova as their agent and employee. Id. at 5. This claim is brought "under the FTCA or under the theory of respondeat superior or otherwise under Virginia law." Id. at 5–6. Count Two alleges negligent retention against the United States and USPS pursuant to the FTCA. Id. at 6. In Count Two, Sharrer claims that the United States and USPS knew or should have known through the use of ordinary care of Sova's propensities and negligently placed him in a position where he could have access to potential victims. Id.

On April 24, the United States filed a motion to substitute the United States as a defendant for USPS. ECF No. 58. This motion was granted. ECF No. 64.

## II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Absent subject matter jurisdiction, a court must dismiss the action. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 653 (4th Cir. 1999). Whether a plaintiff has standing to bring a cause of action "is generally associated with Civil Procedure Rule 12(b)(1) pertaining to subject matter jurisdiction." CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 52 (4th Cir. 2011). "That is because 'Article III gives federal courts jurisdiction only over cases and controversies,' and standing is 'an integral component of the case or controversy requirement.'" Id. (quoting Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006)). When a defendant raises substantive challenges to a court's jurisdiction under Rule 12(b)(1), the court need not accept the complaint's allegations as true and may consider facts outside the complaint to determine if it can properly exercise subject matter jurisdiction. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). At all

times, "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans, 166 F.3d at 647.

Meanwhile, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A plaintiff establishes "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) (holding the court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments") (internal quotation marks omitted).

### III.

The changes Sharrer has made to her complaint do not alter the court's prior ruling. The only meaningful changes Sharrer has made are listed below:

(1) On page 5 of the Amended Complaint, Sharrer adds that a factual allegation that "the United States and the United States Postal Service had a zero tolerance policy

4

which prohibited Sova and other federal employees from sexually harassing and...assaulting and battering female employees of the federal government....as well as other women with whom federal employees may come into contact during the course of their employment." ECF No. 53, at 5.

(2) On page 5 of the Amended Complaint, Sharrer has altered Count One so that it is brought pursuant to the FTCA, rather than pursuant to the laws of Virginia. ECF No. 53, at 5.

(3) On page 6 of the Amended Complaint, Sharrer has added two allegations to Count Two:

   a. That "the governmental defendants had a duty to use reasonable care to investigate the complaints and take adequate remedial measures to prevent and stop the harassment and assaults and batteries," ECF No. 53, at 6; and

   b. That "the governmental [defendants] breached their duty and failed to use reasonable care to investigate the complaints and take adequate remedial measures to prevent and stop the harassment and assaults and batteries," ECF No. 6.

None of these alterations has any impact on the court's previous ruling. In her initial Complaint, Sharrer brought Count One pursuant to the laws of the Commonwealth of Virginia, rather than the FTCA. ECF No. 1, at 5. Whether the claim is pled pursuant to the laws of Virginia or the FTCA, § 2680(h) of the FTCA bars Count One. Section 2680(h), or the "intentional torts exception," unambiguously exempts certain enumerated intentional

5

torts from the FTCA's waiver of sovereign immunity. Specifically, § 2680(h) makes clear that the United States cannot be held liable for

> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

28 USCA § 2680(h). Count One still seeks to do exactly this. Count One seeks to hold the United States liable through respondeat superior liability for Sova's alleged assault and battery of Sharrer. The FTCA's waiver of sovereign immunity does not extend to Sharrer's claims in Count One.

Sharrer argues that Sheridan v. United States, 487 U.S. 392 (1988), permits her to hold the United States liable for Sova's alleged acts. Sheridan's holding, however, applied to the specific situation of a plaintiff alleging two torts—one an assault or battery and the other an act of negligence. Id. at 401. Count One alleges respondeat superior liability in attempting to hold the United States liable for an intentional tort, not an act of negligence. As this would render the United States liable for assault and battery, two enumerated torts, Count One is clearly barred by the intentional torts exception.

Even if Count One brought a claim of negligence, rather than respondeat superior liability for assault and battery, Sheridan's logic would not apply. The claims addressed in Sheridan arose when an obviously intoxicated off-duty serviceman fired several rifle shots into an automobile, injuring the passenger plaintiffs. 487 U.S. at 394. Earlier, three naval corpsmen had found the intoxicated serviceman armed and drunk in a Bethesda Naval Hospital building. Id. at 395. The corpsmen attempted to take him to the emergency room, but the serviceman brandished his rifle and the corpsmen fled. Id. The three took no further

6

action to apprehend the serviceman. Id. The Supreme Court ruled that two Navy corpsmen might, under state law, have a duty to prevent this foreseeable assault, even if the intoxicated serviceman had not been a government employee. Id. at 401 Because the government "had voluntarily adopt[ed] regulations that prohibit the possession of firearms on the naval base and that require all personnel to report the presence of any such firearm, and [the corpsmen had] further voluntarily undertak[en] to provide care to a person who was visibly drunk and visibly armed," the negligence of the corpsmen could give rise to a basis of liability that was completely independent from the serviceman's employment status. Id.

This is not the situation at hand—the United States' responsibility to prevent Sova's alleged actions was based entirely on Sova's status as a USPS employee. See ECF No. 53, at 5. The United States has no duty independent of Sova's federal employment status to protect Sharrer from sexual assault. See Boles v. United States, 3 F. Supp. 3d 491, 501 (M.D.N.C. 2014) (federal employers have no duty to protect others from their employees when the alleged duty is based entirely on the tortfeasor's employment relationship with the United States). With no independent basis for liability, Sheridan's interpretation of § 2680(h) cannot support Count One. Count One must be **DISMISSED**.

Sharrer alleged federal jurisdiction over her claims against the United States pursuant to 28 U.S.C. § 1346(b)(1) and supplemental jurisdiction over her state common law tort claim against Sova pursuant to 28 U.S.C. § 1367. Supplemental federal jurisdiction over a state law claim depends on the court's original jurisdiction over at least one other claim. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—…(3) the district court has dismissed all claims over

which it has original jurisdiction."). Count One as it applies to Sova must therefore also be **DISMISSED.**

## IV.

Count Two alleges that the United States committed negligent retention by "plac[ing] [Sharrer] in a position where Sova would have access to potential victims including [Sharrer] or where the threatened harm would come to pass." ECF No. 53, at 6. This language was present in the original Complaint; Sharrer now adds that "the governmental defendants had a duty to use reasonable care to investigate the complaints and take adequate remedial measures to prevent and stop the harassment and assaults and batteries," and that they breached this duty. Id. Elsewhere in the Amended Complaint, Sharrer alleges that the United States and USPS had "a zero tolerance policy" prohibiting sexual harassment and assault. Id. at 5.

Count Two as alleged in the Amended Complaint is still barred by the discretionary function exception to the FTCA, as previously explained by the court. ECF No. 51, at 11. The discretionary function exception reserves immunity for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee" of the government. 28 U.S.C. § 2680(a); McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004). To determine if conduct falls under the discretionary function exception, courts apply a two-pronged test: (1) "a court considers whether the challenged governmental conduct involves an element of judgment or choice," Rich v. United States, 811 F.3d 140, 144 (4th Cir. 2015) (citing United States v. Gaubert, 499 U.S. 315, 322 (1991)); and (2) if the challenged conduct does involve an

element of judgment, the court must then determine whether the judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy." Rich, 811 F.3d at 144 (citing Gaubert, 499 U.S. at 322–23). "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324. "Conduct does not involve an element of judgment or choice if a federal statute, regulation, or policy specifically prescribes it." Williams v. United States, No. 1:18-CV-00021, 2018 WL 5077652, at *2 (W.D. Va. Oct. 18, 2018). To make this determination, the court must "look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." Id.

A "zero tolerance" standard prohibiting sexual harassment establishes strict requirements for employees, but only general policy for management. Such a policy makes clear that Sova's behavior was proscribed; it does not establish any strict mandates or requirements as to how to investigate reports of harassment or how to punish accused harassers. The court has noted that USPS has the right "to hire, promote, transfer, assign, and retain, discharge, or take other disciplinary action" against its employees and the discretion "to determine the method, means and personnel by which [its operations] are to be conducted," 39 U.S.C. § 1001(e); a "zero tolerance policy" against sexual harassment "[does] not satisfy Gaubert's...specific prescription requirement," Shansky v. United States, 164 F.3d 688, 691 (1st Cir. 1999).

9

As stated in its earlier Memorandum Opinion, decisions regarding the hiring, supervision, and retention of employees meet both prongs of the discretionary function test, as these decisions "involve an element of judgment or choice," Rich, 811 F.3d at 144, and are "based on considerations of public policy," id. See, e.g., Suter v. United States, 441 F.3d 306, 312 n.6 (4th Cir. 2006) (holding that the claim that the FBI negligently hired and supervised an agent was barred by the discretionary function exception); LeRose v. United States, 285 F. App'x 93, 97 (4th Cir. 2008) ("The [federal Bureau of Prison's ("BOP")] decisions regarding the hiring, supervision, and retention [of BOP employee/alleged tortfeasor] are precisely the type of decisions that are protected under the discretionary function exception."); Anderson v. United States, No. 8:12cv3203, 2015 WL 9918406 (D.S.C. Oct. 9, 2015) ("In the Fourth Circuit, decisions regarding the hiring, supervision, and retention of employees are protected under the discretionary function exception to the FTCA."). See also Baum v. United States, 986 F.2d 716, 720–21 (4th Cir. 1993) (employee retention "is [a decision] which we expect inherently to be grounded in considerations of policy."). The United States cannot be held liable for USPS's retention of Sova. Count Two will be **DISMISSED**.

## V.

For the reasons explained above and the reasons explained in the court's previous Memorandum Opinion, ECF No. 51, the court will **GRANT** the United States' motion and **DISMISS with prejudice** the Amended Complaint as it applies to the United States.

As the court's jurisdiction was dependent on the invocation of federal subject matter jurisdiction under 28 U.S.C. § 1346(b)(1) through the claims brought pursuant to the FTCA,

the court now lacks supplemental jurisdiction over the state law claims brought against Sova. Count One as it relates to Sova will also be **DISMISSED**.

As all claims in this case have been dismissed, the clerk is **DIRECTED** to strike this case from the docket of the court.

An appropriate Order will be entered.

Entered: 05-20-2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge